**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| DANIEL J. ROBERTS, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:14-CV-02332-RWS |
| TRACTOR SUPPLY COMPANY : | |
| and NEW BUFFALO : | |
| CORPORATION, : | |
| : | |
| Defendants. : | |
| : | |

## ORDER

This case comes before the Court on Defendant New Buffalo Corporation's Motion to Dismiss [9]. After reviewing the record, the Court enters the following Order.

## Background

On November 3, 2013, Plaintiff Daniel Roberts' friend Lee Summey ("Summey") purchased a hunter's tree stand (the "tree stand") from Defendant Tractor Supply Company ("TSC"). (Compl., Dkt. [1] ¶ 8.) The tree stand was manufactured by Defendant New Buffalo Corporation ("Buffalo"). (Id. ¶ 9.) At the time, TSC had no remaining boxed units of the particular tree stand

model in stock, but offered to sell Summey the floor model which was on display at the store. (Id. ¶ 10.) When Summey made the purchase, TSC did not provide him with a box; a manual; or any instructions, warnings, or safety procedures on how to properly assemble the tree stand. (Id. ¶ 11.) Rather, TSC sold the tree stand as it was assembled on display, and delivered it to Summey with a bag containing parts that the sales associate brought from the stock room. (Id.) Plaintiff alleges that this bag did not contain the necessary straps required to safely construct the tree stand. (Id. ¶¶ 12, 28.)

Later that day, Summey met Plaintiff in the woods with the tree stand. (Id. ¶ 13.) The two men then attempted to erect the tree stand and attach it to a tree according to Summey's recollection of how the tree stand looked while displayed in-store. (Id. ¶¶ 13–14.) Nothing on the tree stand itself provided any instructions or warnings. Plaintiff then attempted to ascend the tree stand, which buckled and began to fall. (Id. ¶ 15.) Plaintiff jumped off the falling tree stand, shattering his right leg below the knee when he hit the ground. (Id. ¶ 16.)

As a result, Plaintiff brings the following claims: negligence against TSC (Count I); product liability sounding in negligence against Buffalo (Count II); strict product liability for defective design against Buffalo (Count III); and strict

2

product liability for a warning defect against Buffalo (Count IV). (Id. ¶¶ 17–47.) Plaintiff also seeks punitive damages and attorney's fees against both TSC and Buffalo. (Id. ¶¶ 48–55.) Buffalo now moves to dismiss all of Plaintiff's claims against it (Counts II, III, and IV) for failure to state a claim.

## Discussion

### I.     Motion to Dismiss Legal Standard

When considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal citations omitted). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " Id.

3

Dismissal under Rule 12(b)(6) is proper when " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Twombly, 550 U.S. at 561 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  A plaintiff must assert a plausible claim, which requires factual allegations that "raise the right to relief above the speculative level." Id. at 556.  This standard "does not[, however,] impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

**II.   Buffalo's Motion to Dismiss [9]**

Plaintiff brings three product liability claims against Buffalo under two theories of liability: negligence (Count II) and strict liability (Counts III and IV).  Buffalo moves to dismiss all claims on the grounds that Plaintiff failed to adequately allege (1) that the product was defective, and (2) that the defect proximately caused Plaintiff's injury.

The elements of defect and proximate cause are essential to product liability claims both under strict liability and under negligence.  A claim for strict product liability requires a plaintiff to allege that the product was

4

defective at the time of sale, and that its condition proximately caused the plaintiff's injury. Chicago Hardware & Fixture Co. v. Letterman, 510 S.E.2d 875, 877-78 (Ga. Ct. App. 1999) (requiring a plaintiff to prove "that the property when sold by the manufacturer was not merchantable and reasonably suited to the use intended (i.e., defective), and that its condition when sold was the proximate cause of the injury sustained."). And in Georgia, it is well established that the requirements of a product claim sounding in negligence are virtually the same as the requirements for strict product liability. See Jones v. Amazing Products, Inc., 231 F. Supp. 2d 1228, 1238 (N.D. Ga. 2002); see also Steinberg v. SICA S.P.A., 2006 WL 618593, at *4 (M.D. Ga. Mar. 10, 2006) ("Under Georgia product liability law, a cause of action under a negligence theory and a cause of action under a strict liability theory requires essentially the same evidentiary showing."). In addition, each of Plaintiff's product claims against Buffalo, whether under negligence or strict liability, arise under the same alleged product defects.

     Thus, for the limited purpose of determining the adequacy of Plaintiff's Complaint, the Court will not distinguish between Plaintiff's negligence claim and strict liability claims. Rather, the Court will address whether Plaintiff's

AO 72A
(Rev.8/82)

Complaint adequately alleges (1) a product defect and (2) proximate causation with respect to all of Plaintiff's claims against Buffalo.

### A. Product Defect

In Georgia, a product is defective if it is "not merchantable or reasonably suited for the use intended." O.C.G.A. § 51-1-11(b)(1). Meanwhile, "a product is not in a defective condition when it is safe for normal handling. If injury results from abnormal handling, the manufacturer is not liable." Jonas v. Isuzu Motors Ltd., 210 F. Supp. 2d 1373, 1377 (M.D. Ga. 2002), aff'd, 58 F. App'x 837 (11th Cir. 2003). Such "abnormal handling" occurs "[w]hen the use to which a product was being put at the time of injury is not that originally intended by the manufacturer." Talley v. City Tank Corp., 279 S.E.2d 264, 271 (Ga. Ct. App. 1981).

Here, Plaintiff has alleged that the tree stand is defective because neither the necessary straps nor the assembly instructions were permanently affixed to the tree stand. Plaintiff has thus alleged two specific defects of the product that plausibly give rise to a claim. Indeed, the tree stand was lacking the components that Plaintiff alleges should have been included. Buffalo argues that assembling the tree stand without instructions and all the necessary

6

components amounts to abnormal handling and relieves Buffalo from liability. But Plaintiff's injury occurred while attempting to mount the tree stand: this appears to be the intended purpose of the product. In addition, when a manufacturer "has reason to anticipate that danger may result from a particular use, he may be required to give adequate warning of the danger, and a product sold without such warning is in a defective condition." Moore v. ECI Mgmt., 542 S.E.2d 115, 121 (Ga. Ct. App. 2000). The product is therefore defective if Buffalo reasonably anticipated the danger of assembling the tree stand without all parts and instructions. And here, Plaintiff's factual allegations are enough for the Court to reasonably infer that Buffalo anticipated this danger such that is does not constitute an abnormal use.

Buffalo also argues that it is not liable for Plaintiff's injuries because they resulted from an open and obvious danger. Indeed, a manufacturer has no duty "to warn of a product-connected danger which is obvious or generally known." Moore, 542 S.E.2d at 121. However, because Plaintiff was not provided assembly instructions, the Court cannot conclude on the present record that it was "obvious or generally known" to him that the tree stand was missing all the necessary components.

7

Therefore, Plaintiff has alleged sufficient facts to claim that the product was defective, and his Complaint cannot be dismissed on that basis.

B.  Proximate Cause

The Court now considers whether Plaintiff has adequately alleged proximate cause, which is also an indispensable element to a products liability claim under negligence and strict liability. See Talley, 279 S.E.2d at 269 ("Whether proceeding under a strict liability or a negligence theory, 'proximate cause' is a necessary element of appellant's [product liability] case."). To satisfy proximate cause, a plaintiff must allege that the injury was a reasonably foreseeable consequence of the defendant's actions. See Morris v. Baxter, 483 S.E.2d 650, 651 (Ga. Ct. App. 1997); see also Steinberg, 2006 WL 618593, at *4 (stating that proximate cause requires "that the injury sustained is a reasonably foreseeable result of defendant's negligence").

Here, Plaintiff stated in his Complaint that the alleged defects foreseeably led to his injury. Specifically, he alleges that it was foreseeable that the tree stand would be sold outside its original packaging and without the instruction manual, whether by a retailer or a second-hand seller, and that this "inherent danger" caused his injury. (Compl., Dkt. [1] ¶¶ 26–30.) In addition, Plaintiff

8

points out that the product typically required assembly when sold. These allegations plausibly state the proximate cause element of Plaintiff's claims.

However, Buffalo argues that dismissal is still proper because any defect in the tree stand could not have proximately caused the injury because intervening acts occurred. Buffalo argues that Plaintiff's assembly of the tree stand without the necessary instructions and components contributed to the injury, and that TSC's sale of the product without the instructions and components is an intervening act that prevents a finding of proximate cause. But determinations of proximate cause are generally better suited for a jury and should only rarely be decided as a matter of law. See, e.g., Ontario Sewing Mach. Co. v. Smith, 572 S.E.2d 533, 536 (Ga. 2002) ("[I]t is axiomatic that questions regarding proximate cause are undeniably a jury question and may only be determined by the courts in plain and undisputed cases."); Steinberg, 2006 WL 618593, at *5 (stating that proximate cause should only be decided as a matter of law when "the jury could only reasonably reach one conclusion").

Accordingly, Buffalo's Motion to Dismiss [9] cannot be granted based on Buffalo's argument that Plaintiff was contributorily negligent. A plaintiff's alleged contributory negligence bars recovery only if it is "the sole proximate

9

cause of his injuries." Bowen v. Cochran, 556 S.E.2d 530, 532 (Ga. Ct. App. 2001). And, regarding Plaintiff's strict liability claims, "[c]ontributory negligence is not a defense to a claim of strict liability for product-caused harm." Barger v. Garden Way, Inc., 499 S.E.2d 737, 742 (Ga. Ct. App. 1998) (citing Deere & Co. v. Brooks, 299 S.E.2d 704 (Ga. 1983). In addition, where a third party's intervening act "could reasonably have been anticipated, apprehended, or foreseen by the original wrong-doer, the causal connection is not broken, and the original wrong-doer is responsible for all of the consequences resulting from the intervening act." Ontario Sewing Mach. Co. v. Smith, 572 S.E.2d 533, 536 (Ga. 2002) (citing Williams v. Grier, 26 S.E.2d 698 (Ga. 1943).

Here, the facts are not so clear-cut that the Court should decide the proximate cause issue. It is not "plain and undisputed" that Plaintiff's own actions were the sole proximate cause of his injuries. Smith, 572 S.E.2d at 536. Nor is it clear that Buffalo could not have foreseen the alleged intervening acts of TSC. Rather, Plaintiff has alleged "enough facts to raise a reasonable expectation that discovery will reveal evidence" to support proximate cause. Twombly, 550 U.S. at 561.

10

Therefore, Plaintiff has alleged facts sufficient facts in his Complaint to survive Buffalo's Motion to Dismiss [9], which must be DENIED.

## Conclusion

In accordance with the foregoing, Buffalo's Motion to Dismiss [9] is **DENIED**.

**SO ORDERED**, this __23rd__ day of April, 2015.

_____
**RICHARD W. STORY**
United States District Judge